No. 6.—-SAMUEL B. BARNETT, plaintiff in error, *vs.* JOHN F. TROUTMAN *et al.* defendants.

[1.] In an action against the security of a note, to which the defence was usury: *Held*, that the maker, upon being relieved from all liability, was a competent witness for the defendant.

Certiorari, to Crawford Superior Court. Decided by Judge STARK, at February Term, 1850.

John F. Troutman commenced four actions in a Justice's Court, in Crawford County, against Samuel B. Barnett, upon notes made by one Arthur F. Walker, as principal, and Barnett, as security, to which Barnett pleaded payment and usury.

On the trial before the Jury, having first released him from all liability on account of the notes, Barnett sought to introduce Walker, his principal, as a witness, to establish his pleas. The Justices held that he was incompetent. From this decision, a certiorari was taken to the Superior Court, upon the hearing of which, Judge *Stark* affirmed the decision of the Justices, and dismissed the certiorari, and counsel for plaintiff in error excepted.

GREENE and CULVERHOUSE, for plaintiff in error.

STRONG and HAMMOND, for defendants in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] In *Winkler vs. Scudder,* (1 *Kelly,* 108,) this Court held, that the maker of a note, who is released, is a competent witness to prove usury in its consideration, in a suit by an indorsee against an indorser. Here, the action is by the payee against the security. Of course there can be no distinction in principle between the two cases.

In *Starkweather vs. Mathews and others,* (2 *Hill's N. Y. Reps.* 131,) this identical question is decided. The Supreme Court of New York there held, that in an action against the maker, of a

note, and his accommodation indorsers, to which the defence was usury, that the former, upon being released from all costs and charges on account of the suit, was a competent witness for the latter.

In the case before us—the maker not being sued, or at any rate, served—we are inclined to think that he was competent, even without a release.   If the defence failed, he would be answerable to the security for the amount of the note ; and if it prevailed, he would still be liable, as maker to the plaintiff.   His interest was balanced.   At any rate, there can be no doubt of his competency with the release.